Requestor: Samuel Ungar, Corporation Counsel City of Long Beach Kennedy Plaza Long Beach, New York 11561
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether your city's legislative body may enact a local law establishing a seven-member board of appeals with staggered terms.
Under section 81 of the General City Law, except in cities having a population of more than 1,000,000, a board of appeals of five members may be established, each to be appointed for a three-year term. Under this section, the local legislative body may authorize a seven-member board of appeals with three-year terms.
Alternatively, under section 81-a of the General City Law, the legislative body of a city, except cities having a population of more than 1,000,000 people, may establish boards of appeals of five or six members, with staggered terms. Thus, under the General City Law there is no authorization for seven-member boards of appeals with staggered terms.
Local governments are authorized to enact local laws, consistent with the Constitution and general State laws, in relation to their property, affairs or government and other delineated subjects (Municipal Home Rule Law, § 10[1][i]). A "general law" for purposes of this provision is "[a] state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages" (id., § 2[5]). In that cities with a population of over 1,000,000 are excluded from coverage, under the home rule definition sections 81 and 81-a of the General City Law are not general laws. Thus, a local law establishing a board of appeals and defining its membership need not be consistent with sections 81 and 81-a of the General City Law.
Further, we believe that the establishment and determination of the composition of the board of appeals is within the scope of home rule powers delegated to a city (1986 Op Atty Gen [Inf] 128). Cities are authorized to enact zoning regulations by local law; may enact local laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein; and may enact local laws relating to the powers, duties, qualifications, number, mode of selection and removal, and terms of office of its officers and employees (ibid.).
We conclude that the legislative body of a city may enact a local law, inconsistent with the provisions of sections 81 and81-a of the General City Law, establishing a seven-member board of appeals with staggered terms.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.